IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT LEE ROWZEE, JR.,

    Plaintiff,                    No. 2:13-cv-0145 KJN P

    vs.

DAAIYALLAH FARDAN, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

In the instant complaint, plaintiff claims that he has been denied access to Muslim religious services called "Jumu'ah," from Friday, May 4, 2012, until January 4, 2013, for 31 consecutive services, because he is in a mental health program. Plaintiff states that as a Muslim believer, Jumu'ah is the only required service a Muslim must attend. Defendant Fardan allegedly told plaintiff he was following the orders of his superior, defendant Marc Elias, to deny plaintiff access to Jumu'ah. Defendant Elias allegedly told plaintiff he was denied access to Jumu'ah because plaintiff is in a temporary mental health program and can't attend services with the general population due to safety issues. However, plaintiff states that the mental health program is not protective custody.

Plaintiff fails to include charging allegations as to defendant Virga. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

1 § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)
2 (no affirmative link between the incidents of police misconduct and the adoption of any plan or
3 policy demonstrating their authorization or approval of such misconduct). "A person 'subjects'
4 another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an
5 affirmative act, participates in another's affirmative acts or omits to perform an act which he is
6 legally required to do that causes the deprivation of which complaint is made." Johnson v.
7 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8 Moreover, supervisory personnel are generally not liable under § 1983 for the
9 actions of their employees under a theory of respondeat superior and, therefore, when a named
10 defendant holds a supervisorial position, the causal link between him and the claimed
11 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
12 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.
13 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where
14 there is no evidence of personal participation). Vague and conclusory allegations concerning the
15 involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board
16 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of
17 personal participation is insufficient).

18 If plaintiff can allege facts demonstrating a connection or link between defendant
19 Virga and the instant claims, plaintiff must assert them in his amended complaint.

20 Plaintiff fails to identify what constitutional or federal statutory right he believes
21 each defendant violated. If plaintiff alleges a defendant violated the First Amendment, the
22 following standards apply. Under the Constitution, "reasonable opportunities must be afforded
23 to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth
24 Amendments." Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972). However, as with other First
25 Amendment rights in the inmate context, free exercise rights are "necessarily limited by the fact
26 of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to

1  maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987).  Only beliefs
2  which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause.
3  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir.2008) (citing Malik v. Brown, 16 F.3d 330, 333
4  (9th Cir. 1994)); Callahan v. Woods, 658 F.2d 679, 683 (9th Cir. 1981)).  Restrictions on access
5  to "religious opportunities" -- whether group services, chapel visits, or meetings with religious
6  advisers -- must be found reasonable in light of four factors:  (1) whether there is a "valid,
7  rational connection" between the regulation and a legitimate government interest put forward to
8  justify it; (2) "whether there are alternative means of exercising the right that remain open to
9  prison inmates"; (3) whether accommodation of the asserted constitutional right would have a
10 significant impact on guards and other inmates; and (4) whether ready alternatives are absent
11 (bearing on the reasonableness of the regulation).  Turner v. Safley, 482 U.S. 78, 89-90 (1987);
12 see also Ward v. Walsh, 1 F.3d 873, 876, 879 (9th Cir. 1993) (upheld prohibition on prisoners
13 keeping candles in their cells based on  evidence of generalized safety concerns).
14          Here, plaintiff alleges that defendants Fardan and Elias are preventing him from
15 attending Jumu'ah, but he also claims that defendant Elias' decision was based on plaintiff's
16 placement in a temporary mental health program, and that his attendance at Jumu'ah would pose
17 a safety issue.  These allegations suggest that there is a valid or rational connection between the
18 policy and the deprivation.
19          Plaintiff is given leave to amend this claim.  In his amended complaint, plaintiff
20 must explain, if possible, how defendants' actions fell outside of the factors discussed above, and
21 impacted plaintiff's sincerely held religious beliefs.  Plaintiff must explain what sincerely beliefs
22 have been affected by defendants' actions and how defendants' actions directly encroached on
23 his religious life.  Plaintiff must tie each defendant to the alleged wrong that he or she committed
24 against plaintiff's right to freely exercise his religious beliefs.  Plaintiff must also analyze those
25 actions in light of the four factors justifying restrictions on access to religious opportunities.
26 Plaintiff needs to explain whether or not there was a rational connection between the regulations

and the governmental interests put forth to justify it, whether he had an alternative means of exercising the rights at issue, whether accommodating the rights at issue would impact guards or other inmates, or whether ready alternatives were available.

In addition, it is unclear whether plaintiff also intended to raise a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . ., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person --
>
> (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

See Pub. L. No. 106-274, 114 Stat. 803 (2000) (codified at 42 U.S.C. § 2000cc-1). Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). A "substantial burden" is one that is "oppressive to a significantly great extent." Id. at 995 (internal quotations omitted). It "must impose a significantly great restriction or onus upon [religious] exercise." Id. (quotations omitted). A substantial burden includes situations "where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his belief." Id.

If a plaintiff meets this burden, the defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff alleges that he was prevented from attending Jumu'ah on Fridays. However, plaintiff has not explained how defendants' refusal to allow him to attend Jumu'ah constitutes a substantial burden on the exercise of his religious beliefs.

6

1  The court finds the allegations in plaintiff's complaint so vague and conclusory
2  that it is unable to determine whether the current action is frivolous or fails to state a claim for
3  relief.  The court has determined that the complaint does not contain a short and plain statement
4  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
5  policy, a complaint must give fair notice and state the elements of the claim plainly and
6  succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
7  allege with at least some degree of particularity overt acts which defendants engaged in that
8  support plaintiffs claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed.
9  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
10 an amended complaint.

11  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
12 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
13 <u>Rizzo</u>, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named
14 defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is some
15 affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>;
16 <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson</u>, 588 F.2d at 743.  Furthermore,
17 vague and conclusory allegations of official participation in civil rights violations are not
18 sufficient.  <u>Ivey</u>, 673 F.2d at 268.

19  In addition, plaintiff is hereby informed that the court cannot refer to a prior
20 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
21 an amended complaint be complete in itself without reference to any prior pleading.  This
22 requirement exists because, as a general rule, an amended complaint supersedes the original
23 complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
24 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
25 amended complaint, as in an original complaint, each claim and the involvement of each
26 defendant must be sufficiently alleged.

7

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: February 27, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rowz0145.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT LEE ROWZEE, JR.,

      Plaintiff,                                 No.  2:13-cv-0145 KJN P

     vs.

DAAIYALLAH FARDAN, et al.,             <u>NOTICE OF AMENDMENT</u>

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

DATED:

                                               _____
                                               Plaintiff